UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE: 2016 PRIMARY ELECTION    Case No. 1:16-mc-5

Judge Timothy S. Black

**ORDER GRANTING MOTIONS TO INTERVENE**

This civil action is before the Court on motions to intervene filed by the Butler County Board of Elections (Doc. 3) and the Hamilton County Board of Elections (Doc. 4) (collectively, "the Boards of Elections"). Since no responses are expected, these motions are ripe for decision. (*See* Doc. 3 at 9).[1]

## I.    BACKGROUND

On March 15, 2016, Ohio's Primary Election Day, this Court issued an Order requiring the Secretary of State to "keep the polling locations within the counties of Butler, Clermont, Hamilton and Warren open until 8:30 p.m." due to "Interstate I-275 being closed for hours due to a fatal accident." (Doc. 1). The Court issued its Order by telephone to legal counsel at the Secretary of State's office shortly after 7:30 p.m. (Doc. 3-1 at ¶¶ 9-12). The Court followed up with a written Order at 8:07 p.m. (*Id.* at ¶ 14). The Secretary of State issued a written Directive informing the four counties of the Order at 8:01 p.m. (*Id.* at ¶ 13). By that time, many polling places had already closed; and apparently some never reopened, some reopened briefly, and others may have remained

---

[1] The Secretary of State is the only party to this case because the Order at issue directed him to take action to keep polling places in Butler, Clermont, Hamilton, and Warren counties open until 8:30 p.m. (*See* Doc. 1). The Secretary of State supports the motions for intervention. (Doc. 3 at 9).

open to process voters in line at 7:30 p.m.  (Doc. 3-2 at ¶¶ 8(d), 11, 13, 15; Doc. 4-1 at ¶ 13).

The Boards of Elections maintain that the Order was difficult or impossible to implement which potentially caused voter dissatisfaction or disenfranchisement, unequal access, and general uncertainty.  While it is too late to address the Court's election day Order, the Order is capable of repetition, so the Boards of Elections have moved to intervene in order to appeal on these grounds.  Specifically, the Boards of Elections intend to argue on appeal that federal courts should act only upon timely and extraordinary complaints, in limited circumstances, and should provide notice and an opportunity to be heard before acting.

## II.   ANALYSIS

The Boards of Elections seek to intervene as a matter of right.

Generally, Federal Rule of Civil Procedure 24, which governs interventions, is "broadly construed in favor of potential intervenors."  *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991) (emphasis added).  In pertinent part, Rule 24(a)(2) provides as follows:

> (a) Intervention of Right.  On timely motion, the court must permit anyone to intervene who:
> 
> ***
> 
> (2) claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(emphasis added). Specifically, Rule 24(a)(2) requires the movant to establish each of the following four elements: (1) the application was timely filed; (2) the applicant

possesses a substantial legal interest in the case; (3) the applicant's ability to protect its interest will be impaired without intervention; and (4) the existing parties will not adequately represent the applicant's interest.  *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011).  "[F]ailure to satisfy any one of the elements will defeat intervention under the Rule."  *Id.*

As to the first element, Rule 24(b) provides no standard for timeliness.  *FMC Corp. v. Keizer Equip. Co.*, 433 F.2d 654, 656 (6th Cir. 1970).  Instead, the Sixth Circuit has consistently looked to the circumstances of the case to determine timeliness.  *Stupak-Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000).  These circumstances specifically include: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.  *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).

Here, the motions to intervene are timely because they were filed within weeks of the Court's Order.  Moreover, nothing has happened in this case since the Order was issued, so no party is prejudiced by the timing of the motions.

With respect to the remaining elements, the Sixth Circuit has endorsed "a 'rather <u>expansive</u> notion of the interest sufficient to invoke intervention of right.'"  *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999) (emphasis added).  Indeed, "an intervenor

3

need not have the same standing necessary to initiate a lawsuit in order to intervene in an existing district court suit where the plaintiff has standing." *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005).

Here, the Boards of Elections have substantial legal interests in this case and many of those interests are distinct from the Secretary of State's interests. For example: (1) the Court informed the Secretary of State about the Order, but only successfully notified one of the four counties (Doc. 4, Ex. A at ¶ 7); (2) the Boards of Elections, not the Secretary of State, were faced with the job of implementing the Order; (3) the Boards of Elections and the county taxpayers, not the Secretary of State, bear the financial burden of the Court's Order (Doc. 3-2 at ¶ 17); and (4) any confusion resulting from the Court's Order would likely cause confused or unhappy voters to blame the local Board of Elections and not the Secretary of State (*Id.* at ¶¶ 12(d)-12(e)). Moreover, the Secretary of State is primarily interested in the smooth and fair administration of the election across the state, but the Boards of Elections are responsible for the more practical concerns about implementation and costs.[2] Therefore, the distinct interests of the Boards of Elections <u>may</u> not be adequately represented on appeal by the Secretary of State.

---

[2] "[T]he [movant's] burden with respect to establishing that its interests are not adequately protected by the existing party to the action is a <u>minimal</u> one; it is sufficient to prove that representation may be inadequate." *N.E. Ohio Coal. for the Homelss v. Blackwell*, 467 F.3d 999, 1008 (6th Cir. 2006) (emphasis added). This element requires the movant to "show only that impairment of its substantial legal interest is <u>possible</u> if intervention is denied." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (1997) (emphasis added).

### III. CONCLUSION

Accordingly, the motions to intervene (Docs. 3, 4) are **GRANTED**, and the Butler County Board of Elections and the Hamilton County Board of Elections are entitled to intervene as a matter of right pursuant to Rule 24(a).

**IT IS SO ORDERED**.

Date:  4/8/2016                                            _/s/Timothy S. Black_____
                                                                         Timothy S. Black
                                                                         United States District Judge